**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

UNIVERSAL COLLISION CENTER, INC.,

    Plaintiff,

v.                                              CASE NO.: 4:09-CV-472-SPM

THE TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, INC., a Connecticut
corporation, and ELCO ADMINISTRATIVE
SERVICES COMPANY, a Missouri corporation,

    Defendants.

_____/

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE comes for consideration upon Defendant The Travelers Indemnity Company of Connecticut's ("Defendant Travelers") Motion to Dismiss Plaintiff's Complaint (doc. 12) pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff has filed a response to the motion to dismiss (doc. 14). For the reasons set forth below, this Court denies the motion to dismiss.

**I.    BACKGROUND FACTS**

On June 23, 2005, Plaintiff, a provider of comprehensive automotive collision repair services, entered into an agreement initiated by Defendant Travelers, an insurance provider, whereby Defendant Travelers was to indemnify Plaintiff for legal

actions brought against Plaintiff. Policy No. I-680-8902B841-TCT-05 ("the Policy") includes a "Garagekeeper's Liability" provision, form number MPT3031103, which broadly covers any loss to a third party's vehicle that occurs while the Plaintiff is in possession of the third party's vehicle for the purpose of providing services.

On April 9, 2009, Defendant ELCO Administration Services Company ("Defendant ELCO") filed a third party complaint against Plaintiff in connection with <u>Elisa Rojas v. Ford Motor Company</u>, Dade County Circuit Court Case No. 05-24306 CA15. The complaint alleges that <u>Rojas</u> plaintiffs, Elisa Rojas and Eliana Ardila, were involved in an automobile accident in December of 2005. After the accident, Defendant ELCO took possession of the vehicle, including the right tire and right wheel assembly of the vehicle ("right wheel assembly"). Defendant ELCO assured the <u>Rojas</u> plaintiffs that it would preserve the vehicle's right wheel assembly. ELCO later transferred the vehicle, including the right wheel assembly, to Plaintiff for storage. In the third party complaint, Defendant ELCO alleges that Plaintiff negligently failed to preserve the right wheel assembly and that, as a result, Defendant ELCO is being sued in <u>Rojas</u> for spoliation of evidence.[1] Consequently, Defendant ELCO alleges that Plaintiff is in breach of contract and should be held

---

[1] Spoliation of evidence is a "tort claim based on a defendant's [negligent or intentional] breach of a duty to preserve evidence. The damage that flows from such a breach is the resulting inability to prove a cause of action." <u>Humana Worker's Comp. Serv.'s, et al. v. Home Emergency Serv.'s, Inc.</u>, 842 So.2d 778 (Fla. 2003).

Case No.: 4:09-cv:472-SPM-WCS

liable for any damages that are imposed against Defendant ELCO in Rojas that are attributable to Plaintiff's negligent loss of the right wheel assembly.

Plaintiff notified Defendant Travelers that Defendant ELCO had filed a third party complaint against Plaintiff in Rojas. Plaintiff requested that Defendant Travelers defend Plaintiff under the Policy. Defendant Travelers refused to undertake a defense under the Policy, contending that the events alleged in Defendant ELCO's third party complaint were not covered by the Policy. Therefore, Plaintiff has brought an action for the issuance of a judgment declaring that Plaintiff is legally entitled to indemnification by Defendant Travelers under the Policy for the losses claimed in the third party complaint.

## II. STANDARD OF REVIEW

In assessing a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) ("12(b)(6) motion"), the court must "determine whether the complaint is legally sufficient." See Clark v. Potter, No. 5:07cv41/RS/EMT, 2008 WL 186619, at *1 (N.D. Fla. Jan. 18, 2008) (internal citations omitted). A complaint is legally sufficient if it puts the defendant on "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). When determining the legal sufficiency of a complaint, the court accepts the pleaded facts as true and construes such facts in the light most favorable to the plaintiff. See Conley v.

Gibson, 355 U.S. 41, 45-46 (1957). As the court does not assess the Plaintiff's likelihood of success on the merits, 12(b)(6) motions "should rarely be granted . . . on the basis of the pleadings alone." Madison v. Purdy, 410 F.2d 99, 100 (5th Cir. 1969). However, a 12(b)(6) motion should be granted if the plaintiff fails to "state a claim for relief that is plausible on its face." Twombly, 550 U.S. at 570. Thus, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief" for the complaint to survive a 12(b)(6) motion. Fed. R. Civ. P. 8(a)(2).

### III. DISCUSSION

Plaintiff argues that a declaratory judgment is necessary to determine whether Defendant Travelers has a duty, under the "Garagekeeper's Liability" provision of the Policy, to indemnify Plaintiff for the third party action filed by Defendant ELCO in Rojas. Defendant Travelers argues that Plaintiff has not sufficiently pleaded a claim for a declaratory judgment because the Policy does not provide liability coverage to Plaintiff as a matter of law for the claims alleged by Defendant ELCO in the third party complaint.

An insurance company has a duty to indemnify an insured party when a complaint is filed against the insured party that alleges facts that may be potentially covered by the insured's policy. XL Specialty Ins. Co. v. Skystream, Inc., 943 So.2d 848, 849 (Fla. 3d DCA 2007). Here, the "Garagekeeper's Liability" provision of the

Policy provides coverage to Plaintiff for "all sums the insured legally must pay as damages for 'loss' to a 'customer's auto' or 'customer's auto equipment' left in the insured's care while the insured is . . . storing it in [Plaintiff's] garage operations." (Policy, § B.1; Complaint, ¶ 9-15.) If Plaintiff is sued for such damages, Defendant Travelers has a "duty to defend . . . [Plaintiff] against a 'suit' seeking these damages." (Policy, § B.2.) Thus, Defendant Travelers has a duty to indemnify Plaintiff if a third party complaint is filed against Plaintiff that alleges facts that are potentially covered by the Policy; in particular, that (1)Plaintiff has a legal duty to pay; (2)for a loss; (3)to a customer's automobile or automotive equipment; (4)that was left in Plaintiff's possession; (5)for the purpose of storage in Plaintiff's garage operations. (Policy, § B.1; Policy, § B.2.)

Defendant Travelers has a duty to indemnify Plaintiff because the third party complaint in Rojas alleges facts that potentially satisfy the Policy's five elements. First, Defendant ELCO alleges in the third party complaint that Plaintiff is in breach of contract due to Plaintiff's "active negligence" in preserving the Rojas vehicle's right wheel assembly. (Pl.'s Complaint, ¶ 17-18.) This satisfies the Policy's first element as the complaint asserts that Plaintiff has a legal duty to pay for their failure to uphold their contractual duties. (Policy, § B.1.) Additionally, the Policy's second element is satisfied because Defendant ELCO's complaint requests compensation for a loss borne from Plaintiff's negligent breach of contract. (Policy, § B.1.) Third,

Defendant ELCO pleads that the Plaintiff is responsible for a loss of the Rojas vehicle's right wheel assembly. (Pl.'s Complaint, ¶ 18.) This type of loss satisfies the Policy's third element, as the loss of the right wheel assembly of Defendant ELCO's customer's vehicle also constitutes a loss to Plaintiff's customer's vehicle. (Policy, § B.1.) Defendant ELCO further alleges that the Rojas vehicle's right wheel assembly was lost after the vehicle had been transferred to Plaintiff. (Pl.'s Complaint, ¶ 17.) The Policy's fourth is thereby satisfied as the vehicle was in Plaintiff's possession once the vehicle was transferred to Plaintiff. (Policy, § B.1.) Finally, the Policy's fifth element is satisfied because the third party complaint alleges that the vehicle was transferred to Plaintiff for storage purposes. (Pl.'s Complaint, ¶ 17; Policy, § B.1.) As the complaint alleges facts that satisfy each of the Policy's five elements, Defendant Travelers has a duty to indemnify Plaintiff for the action filed by Defendant ELCO.

However, Defendant Travelers contends that it does not have a duty to indemnify the Plaintiff for the claims asserted by Defendant ELCO, because the third party complaint alleges a claim of spoliation, rather than breach of contract, and that spoliation is not covered by the Policy. (Def.'s Mot. to Dismiss at 1, 6-7.) This Court does not agree.

Under Florida law, a contract is construed in accordance with the contract's express terms unless the contact is ambiguous. Siegle v. Progressive Consumers

Ins. Co., 819 So.2d 732, 735 (Fla. 2002). A contract is ambiguous when "the relevant policy language is susceptible to more than one reasonable interpretation, one providing coverage and . . . another limiting coverage." Auto-Owners Ins. v. Anderson, 756 So.2d 29, 34 (Fla. 2000). If the contract is ambiguous, any ambiguity is "resolved in favor of the insured" by extending the contract's coverage. Hartford Accident & Indem. Co. v. Phelps, 294 So.2d 362, 364 (Fla. 1st Dist. Ct. App. 1974).

In the case at bar, the Policy is not ambiguous as it expressly provides broad coverage for loss. (See Policy, § A.4; Pl.'s Complaint, ¶ 17.) The Policy affords coverage to any "direct and accidental loss or damage and . . . any resulting loss of use." (Policy, § A.4.) Thus, the Policy covers both the loss of automotive property and loss of use of such property, whether the loss is borne from a negligent or intentional act.

Defendant Travelers argues that the Policy does not cover the loss alleged in the third party complaint because the facts asserted constitute spoliation, rather than a breach of contract. (Def.'s Mot. to Dismiss at 6.) However, whether the loss constitutes a breach of contract, as alleged in the third party complaint by Defendant ELCO, or the loss constitutes spoliation, as argued by Defendant Travelers, the loss is covered by the Policy. If the third party complaint is construed according to its express language, Plaintiff's negligence in "allowing the right front

wheel assembly of the [Rojas] vehicle to be sold for scrap metal" constitutes a loss of the customer's vehicle under the Policy. (Third Party Complaint, ¶ 14; Policy, § A.4.) Similarly, if the third party complaint is re-framed as a spoliation cause of action, the Rojas plaintiffs' loss of the use of the right wheel assembly for evidentiary purposes constitutes a loss of the use of a component of the customer's vehicle under the Policy. (Policy, § A.4.) Therefore, Defendant Travelers' argument that the Policy does not cover the allegations in the third party complaint is without merit.[2]

In sum, Plaintiff has pleaded sufficient facts to survive Defendant Travelers' motion to dismiss for failure to state a claim upon which relief can be granted.

---

[2] Furthermore, Defendant Travelers' assertion that a claim of spoliation is inherently excluded from coverage based on Humana Worker's Compensation Services v. Home Emergency Services, 842 So.2d 778, 781 (Fla. 2003), is misguided. In Humana, an injured party sued his employer for breach of contract and breach of a statutory duty. Id. The Florida Supreme Court stated that the plaintiff had incorrectly identified the asserted causes of action. Id. Accordingly, the Court re-framed the action as spoliation for the loss of the ladder, which had caused the injury. Id. The injured party was thereby denied coverage because the policy only covered "bodily injury," which cannot result from spoliation. Id. On the contrary, the Policy broadly covers loss and neither expressly or inherently excludes loss borne from spoliation. Thus, Humana does not apply to the case at bar.

Accordingly, it is:

ORDERED AND ADJUDGED that Defendant Travelers' Motion to Dismiss for failure to state a claim upon which relief can be granted (doc. 12) is ***denied***.

DONE AND ORDERED this <u>twentieth</u> day of May, 2010.

      *s/ Stephan P. Mickle*
      Stephan P. Mickle
      Chief United States District Judge